UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cr-00201-WWB-LHP |
| ) | |
| EVAN EDWARDS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S RENEWED MOTION FOR RELEASE ON
BOND AND REQUEST FOR DETENTION HEARING**

COMES NOW, the Defendant, Evan Edwards [hereinafter "Defendant"], by and through the undersigned counsel, and respectfully renews his previous motion for release on conditions. In support hereof, the Defendant further avers as follows:

1. The initial motion seeking a bond hearing and consequent, anticipated release on conditions [Dkt. 56] was denied, without prejudice, on February 24, 2023 [Dkts. 84 & 85]. Of particular note, the Court's Amended Order of February 24, 2023, provided that the Defendant's "term of commitment shall be for a reasonable period, not to exceed thirty (30) days." Dkt. 85, p. 6.

2. By way of background, on December 16, 2022, the Defendant was ordered to be temporarily detained until the Defendant was physically able to appear in Court. Dkt. 21.

3. From December 16, 2022, until March 17, 2023, the Defendant was held, shackled wrist and ankle, at Orlando Health Regional Medical Center.

4. On March 17, 2023, the United States Marshalls Service indicated that the Defendant was transported to a facility in Columbia, South Carolina.

5. On April 26, 2023, the undersigned was informed by the Office of the United States Attorney that the "BOP changed [the Defendant's] designation to FMC Devens . . . . [h]e is expected to arrive sometime the week of May 8." This is seemingly in conflict with the Court's finding on February 24, 2023 that "a 'suitable facility' is the Federal Medical Center in Butner, North Carolina ('FMC Butner')."

6. Nevertheless, the Defendant was transferred to FMC Devens, arriving on May 11, 2023. If not previously triggered, the Defendant's arrival at FMC Devens triggered the thirty (30) day window for his assessment and the attendant Bureau of Prisons [BOP] report. The Court noted in its February 24, 2023 Amended Order that the United States could seek an additional fifteen (15) days should it be necessary. To the knowledge of the undersigned, no such leave was sought.

7. Thirty (30) days from May 11, 2023 is June 10, 2023 (a Saturday). Consequently, the assessment would have to be completed before June 13, 2023. The Report prepared by the BOP is dated July 7, 2023, approximately three (3) weeks tardy.

8. On July 13, 2023, and in response to a status inquiry, the undersigned received an email from the BOP which indicated that the report was "awaiting executive review and signature . . . ." It is also of note that the Report was not provided to defense counsel until July 18, 2023.

9. The BOP was charged with preparing a report on the Defendant's competency and, if not competent, his potential restorability to competency.

10. The BOP report concludes that the Defendant is neither competent nor restorable to competency.

11. On July 19, 2023, the undersigned was informed by the Office of the United States Attorney that "office management is reviewing the report and considering next steps" and should be able to respond to inquiries about bond and the balance of the proceeding "by the end of next week."

12. The needless and inappropriate delay in addressing the Defendant's condition as well as the preparation of the BOP report argur in favor of the Defendant's immediate release.

13. At a bare minimum, pursuant to 18 U.S.C. § 3142, the Defendant is now eligible to be considered for release on bond in this matter as there are conditions of release which assure both his return for further proceedings, if any, and the safety of the community in the interim. Specifically, the Court could release the Defendant to his family, as it is in the best position to provide assistance to the

3

Defendant for his activities of daily living, as opposed to his continued incarceration, shackled to a bed in the custody of the United States Marshalls Service.

14. The Defendant respectfully requests this Court, at a minimum, set the matter for a detention hearing at its earliest convenience.

WHEREFORE, the undersigned requests this Court to set this matter for a detention hearing and, consequently, release the Defendant on bond under such terms and conditions as the Court determines to be appropriate.

Respectfully submitted this 19th day of July, 2023

        s/A. Brian Phillips
        **A. BRIAN PHILLIPS, ESQ.**
        Fla. Bar No. 0067113
        **A. BRIAN PHILLIPS, P.A.**
        912 Highland Avenue
        Orlando, Florida 32803
        Telephone: (407) 872-0777
        Telecopier: (407) 872-0704
        Email:Brian.Phillips@Phillips-Law-Firm.com
        Counsel for Defendant Evan Edwards

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of July, 2023, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/A. Brian Phillips
**A. BRIAN PHILLIPS, ESQ.**
Fla. Bar No. 0067113
**A. BRIAN PHILLIPS, P.A.**
912 Highland Avenue
Orlando, Florida 32803
Telephone: (407) 872-0777
Telecopier: (407) 872-0704
Email: Brian.Phillips@Phillips-Law-Firm.com
Counsel for Defendant, Evan Edwards