# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **CASE NO: 6:22-cr-201-WWB-LHP**

**JOSHUA EDWARDS**

_____

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT JOSHUA EDWARDS' NOTICE PURSUANT TO THE COURT'S FEBRUARY 21, 2024 ORDER AND HIS MOTION FOR PRETRIAL RELEASE (Doc. No. 133)** |
| **FILED:** | **February 28, 2024** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** | |

The question of Defendant Joshua Edwards' competency to proceed has been

at issue in this case since at least December 14, 2022.  *See* Doc. No. 9.  Since that

time, Joshua Edwards has been evaluated by multiple experts, was initially found

to be incompetent to proceed, and was referred to the Bureau of Prisons for

restoration treatment and evaluation.  *See, e.g.*, Doc. Nos. 19, 27, 69-70, 72, 94, 97-

97.  *See also* 18 U.S.C. §§ 4241(a), (b), 4247(b), (c), and 4241(d)(1).

On January 25, 2024, Dr. Y. Abdelaal, Psy. D., Forensic Psychologist with the

Bureau of Prisons, issued a Forensic Evaluation opining that Joshua Edwards is not

mentally incompetent.   Doc. No. 121 (sealed).   And on January 29, 2024, the Bureau of Prisons issued a Certificate of Restoration of Competency to Stand Trial. Doc. No. 123 (sealed).   During a February 8, 2024 status hearing, counsel for Joshua Edwards stated that Mr. Edwards intended to contest the findings.   Doc. Nos. 124-125.   Accordingly, the Court provided Joshua Edwards sixty (60) days to retain an expert and to have the expert evaluate Mr. Edwards and file a report with the Court. Doc. No. 125.   The Court also set this matter for an in-person competency hearing on April 24, 2024.   *Id.*

On February 21, 2024, the Court also issued an order directing the parties to file a joint notice stating whether, given the Certificate of Restoration to Competency, the Court may proceed with the completion of all Rule 5 and Rule 11 proceedings, which would also include a detention hearing.   Doc. No. 132.   The parties timely-filed their joint notice on March 6, 2024, in which Joshua Edwards argued that Rule 5 and Rule 11 hearings can be conducted, that the United States is not authorized to conduct a detention hearing, and that Mr. Edwards should be immediately released.   Doc. No. 134, at 1-2.   The United States, on the other hand, argued that Joshua Edwards' competency should be fully resolved prior to any Rule 5 or Rule 11 proceedings, including a detention hearing, and that the United States is fully authorized to seek detention under 18 U.S.C. § 3142.   *Id.*, at 2-3.   In addition, on February 28, 2024, Joshua Edwards filed the above-styled notice and

motion requesting his immediate pretrial release.    Doc. No. 133.    The United States has filed a response in opposition.    Doc. No. 135.

Upon consideration of the parties' arguments in the joint notice, motion, and response, the Court continues to find that proceedings conducted under Rule 5 and Rule 11 of the Federal Rules of Criminal Procedure, including detention hearings, are critical stages of the case, such that if reasonable cause exists that a defendant is presently suffering from a mental disease or defect rendering him or her mentally incompetent, the Court must proceed with competency proceedings before moving forward with any other stages of the case. *See United States v. Arenburg*, 605 F.3d 164 (2d Cir. 2010); *United States v. McCrary*, 569 F.2d 429 (6th Cir. 1978); *United States v. Pinto*, Case No. 6:17-cr-68-RBD-KRS, Doc. No. 11 (Feb. 1, 2017); *United States v. Meyer*, No. 2:11-CR-43-FTM-29SPC, 2011 WL 1519724, at *1 (M.D. Fla. Apr. 20, 2011); *United States v. Moser*, 541 F. Supp. 2d 1235 (W.D. Okla. 2008); *United States v. Sloan*, 820 F. Supp. 1133 (S.D. Ind. 1993).    This finding is consistent with prior rulings the Court has made in this case.    *See* Doc. Nos. 9, 14, 19, 27, 29; *see also* Doc. No. 84.

In his motion, Joshua Edwards acknowledges that there is a "dearth of applicable case law" as to whether Rule 5 and Rule 11 proceedings can go forward prior to the conclusion of competency proceedings, and that the Court has previously ruled on this very issue with respect to co-Defendant Evan Edwards. Doc. No. 133, at 7-8.    In an attempt to persuade the Court to change its mind, Joshua Edwards points to two decisions:    *United States v. Magassouba*, 544 F.3d 387 (2d Cir.

2008); and *United States v. Smith*, 764 F. Supp. 2d 541 (W.D.N.Y. 2011).   Doc. No. 133, at 8-11.   Upon review, both cases are distinguishable and therefore unpersuasive.   First, neither decision speaks to whether Rule 5 or Rule 11 proceedings can go forward while a defendant's competency is in question, rather both decisions address the issue of pretrial detention.   And in *Magassouba*, while the Second Circuit found that an incompetent defendant is not exempt from detention hearings, the Court was faced with an entirely different factual and procedural posture.   The *Magassouba* court addressed the length of hospitalization permitted under 18 U.S.C. § 4241(d), and whether Defendant's continued detention – which was never contested – was constitutionally unreasonable so as to violate due process once the defendant was found incompetent to proceed.   544 F.3d at 392.   Notably, the Second Circuit held that a 19-month detention period did not violate due process, as the district court was required to carefully consider "a host of medical and legal factors" in reaching a decision concerning the involuntary administration of medication.   *Id.*   Moreover, the Second Circuit noted that a defendant is "pending trial," while his competency is at issue, and that certain pretrial proceedings and motions that do not require the personal participation of the defendant can go forward.   *Id.*, at 413.   But there can be no doubt that a defendant's personal participation is required to complete initial appearance proceedings (during which the defendant is advised of his rights, the charges and penalties, among other things), to complete an arraignment (during which a formal

plea is entered), and to conduct a detention hearing (where the defendant would assist in providing evidence and identifying witnesses).

And in *Smith*, the District Court based its decision on whether to hold a detention hearing on whether the defendant's due process rights were being violated due to the length of time it took to transport the defendant to the Bureau of Prisons, and whether the time awaiting transport could be considered part of the four-month commitment period set forth in 18 U.S.C. § 4241(d).   *Smith*, 784 F. Supp. 2d at 544-45.   No such issues exist here, and upon review, the Court finds the other authority previously relied upon (*see* Doc. No. 84) to be more persuasive on the issue.[1]

Joshua Edwards also points to the fact that his co-Defendant, Evan Edwards, is currently out on conditions of pretrial release, even though Evan Edwards' competency is still very much in question and restoration proceedings have not yet commenced.   Doc. No. 133, at 12.   However, as the United States points out in its response, Evan Edwards' situation is vastly different from Joshua Edwards.   *See*

---

[1] The Court is similarly unpersuaded by Joshua Edwards' citation to *United States v. James Larry Wilborn*, Case No. 6:13-cr-253-RBD-GJK, as in that case, the question of defendant's competency was not raised until *after* all Rule 5 proceedings, including the question of pretrial release, had been resolved.   *See id.*, Doc. Nos. 3, 8, 17.   Similarly, the question of defendant's competency in *United States v. Defario Antoine Evans*, Case No. 6:19-cr-116-PGB-DCI was not raised until after the defendant completed his initial appearance and arraignment proceedings, and pretrial release conditions had been set.   *See id.*, Doc. Nos. 6, 10, 23.   In the present case, however, Joshua Edward's competency has been in question since his very first appearance in this Court, which has precluded the completion of any further critical stages of his case.   *See* Doc. No. 9.

Doc. No. 135, at 7-8. Evan Edwards is suffering from severe physical as well as mental conditions, and his physical state played a key role in determining whether he could be released. *Id.*; *see also* Doc. No. 102. There was no ruling that Evan Edwards could move forward with Rule 5, Rule 11, or contested detention proceedings, and the Court's February 24, 2023 Order was never vacated. Doc. No. 84. In contrast, Joshua Edwards, thankfully, suffers from no such serious medical conditions, and the United States has made clear that it intends to challenge Joshua Edwards' release based on whether he is a serious risk of flight. Doc. No. 135. More importantly, the Court is unaware of any legal tenet that requires every co-Defendant in a case to be treated the same with respect to pretrial release or detention (and Joshua Edwards points to none). Indeed, it is quite commonplace for the United States to seek pretrial detention for some defendants while not seeking it for others, and this case appears no different.

For these reasons, the Court is not persuaded that Joshua Edwards can go forward with Rule 5 and Rule 11 proceedings, including a detention hearing – which are all critical stages of the case – while his competency is still in question. Accordingly, Joshua Edwards' motion (Doc. No. 133) is **DENIED WITHOUT PREJUDICE**. He may renew his request for a detention hearing following

completion of the competency proceedings, the next stage of which is scheduled for

April 24, 2024, if necessary and appropriate.[2]

        **DONE** and **ORDERED** in Orlando, Florida on March 18, 2024.

                                       LESLIE HOFFMAN PRICE
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
Counsel for Defendant

---

[2] The Court is also unpersuaded by Joshua Edwards' argument that the United States is prohibited from seeking detention in this case. *See United States v. Megahed*, 519 F. Supp. 2d 1236, 1247-49 (M.D. Fla. 2007); 18 U.S.C. § 3142(f)(2)(A). Instead, it appears that Joshua Edwards' arguments go towards whether the United States can establish a "serious risk of flight" such that he can be detained, not that a detention hearing cannot be held. *See* Doc. No. 133, at 12-18. Contrary to his assertions, the issues he raises can only be decided at a full detention hearing, which can be scheduled upon the completion of competency proceedings.