UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-cr-201-WWB-LHP |
| JOSHUA EDWARDS, | ) |
| Defendant. | ) |

**DEFENDANT JOSHUA EDWARDS'S MOTION FOR
A STATUS CONFERENCE ON COMPETENCY HEARING**

The undersigned counsel for the Defendant, Joshua Edwards ("Mr. Edwards"), hereby requests that the Court set a status conference in connection with the upcoming competency hearing to address the current state of Mr. Edwards's competency evaluation. The undersigned further states as follows:

1. On February 21, 2024, the Court appointed the undersigned to represent Mr. Edwards. Docs. 130, 131. At the time of the undersigned's appointment, prior defense counsel had already taken the position that he was challenging the Bureau of Prisons' prior finding that Mr. Edwards was competent to proceed. *See* Docs. 124, 125. Moreover, prior defense counsel had already retained Dr. Melvin Pagan-Gonzalez ("Dr. Pagan-Gonzalez") to conduct a competency evaluation of Mr. Edwards.

2. On April 2, 2024, the undersigned filed a motion to withdraw as Mr. Edwards's counsel, after conferring with the Florida Bar ethics hotline as well as the U.S. Courts, Defender Services Office Training Division's CJA hotline. Doc. 146. The basis for the undersigned's request to withdraw was due to irreconcilable differences that arose between the undersigned and Mr. Edwards, which the undersigned believed inhibited his ability to continue representing Mr. Edwards. The undersigned's concerns have not been resolved and, as of this filing, the undersigned has no ability to meaningfully consult with Mr. Edwards about anything.

3. On April 8, 2024, the Court held a hearing on the undersigned's motion to withdraw. Doc. 150. At this hearing, the Court permitted the undersigned to address the Court *in camera*, outside the presence of the government, so that the undersigned could provide the basis for his motion to withdraw. At the conclusion of the hearing, the Court denied the motion to withdraw but agreed to reschedule the competency hearing so that the undersigned could retain a new expert to perform another competency evaluation of Mr. Edwards. *See* Doc. 151.

4.     On April 16, 2024, the undersigned formally retained Dr. Randy K. Otto ("Dr. Otto") to evaluate Mr. Edwards.

5.     Thereafter, efforts were made to have Mr. Edwards evaluated by Dr. Otto. Despite these efforts, the undersigned still has no opinion from Dr. Otto concerning Mr. Edwards's current competency status.

6.     On May 5, 2024, the undersigned submitted to the Court under seal a memorandum from Dr. Otto, which provided an update concerning the defenses' inability to provide an opinion with regard to Mr. Edwards's competency status. *See* Doc. 178. The undersigned also provided a copy of this memorandum to the government.

7.     The undersigned is concerned that despite his best efforts, he will be without an expert opinion with regard to Mr. Edwards's competency on the date of the competency hearing, which is now set for June 3, 2024. *See* Docs. 158, 159. The undersigned also believes that he will be unable to provide a competency evaluation report from Dr. Otto by the current deadline of May 17, 2024. *See* Docs. 168, 173.

8.     The government has indicated in a recent filing that its expert witness is based out of Chicago and has a very busy schedule. Doc. 176. The undersigned is also mindful of the Court's time and resources.

9. In an effort to ensure that the Court has the most up to date information concerning Mr. Edwards's competency evaluation, the undersigned hereby requests that the Court hold a status conference within the next week so that the Court can determine what the best path forward is with regard to the upcoming competency hearing. At this status conference, the undersigned may request to address the Court *in camera* as some of the relevant information concerns sensitive details with regard to the undersigned's attorney-client relationship with Mr. Edwards. In order to protect Mr. Edwards's interests in this case, the undersigned would prefer to share some of this information outside the presence of the government. Lastly, the undersigned will not be relying on the opinions of Dr. Pagan-Gonzalez, the expert retained by prior defense counsel. Nonetheless, the undersigned would like clarification on whether the Court's Amended Order and Notice of Hearing (Doc. 151) requires that he submit a report from Dr. Pagan-Gonzalez.

10. The undersigned has conferred with the government and the government does not oppose the Court setting a status conference.

WHEREFORE, the undersigned counsel for Defendant Joshua Edwards respectfully requests that this Court set a status conference to address issues relating to the upcoming competency hearing in this matter.

Respectfully submitted on this 15th day of May, 2024.

        s/Andrew C. Searle
        **ANDREW C. SEARLE, ESQ.**
        Florida Bar No. 0116461
        **SEARLE LAW P.A.**
        200 East Robinson Street, Suite 1150
        Orlando, Florida 32801
        Telephone: 407-952-0642
        Email: andrew@searle-law.com
        Attorney for Defendant Joshua Edwards

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2024, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards
