```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION
                  CASE NUMBER 6:22-cr-201-WWB-LHP

. . . . . . . . . . . . . . .
UNITED STATES OF AMERICA,       :
                                :
        Plaintiff,              :
                                :         Orlando, Florida
        v.                      :         December 14, 2022
                                :         2:44 p.m.
EVAN EDWARDS,                   :
also known as Ian Heringa,      :
                                :
AND                             :
                                :
JOSHUA EDWARDS,                 :
                                :
        Defendants.             :
. . . . . . . . . . . . . . .


          TRANSCRIPT OF INITIAL APPEARANCE HEARING
           BEFORE THE HONORABLE DAVID A. BAKER
                UNITED STATES MAGISTRATE JUDGE








Court Reporter:     Amie R. First, RDR, CRR, CRC, CPE
                    Federal Official Court Reporter
                    401 West Central Boulevard, Suite 4600
                    Orlando, Florida  32801
                    AmieFirst.CourtReporter@gmail.com

Proceedings recorded by FTR Gold Digital Recording.

Transcript produced by Computer-Aided Transcription.
```

Ex 13

```
 1  APPEARANCES:
 2
 3  Counsel for Government:        Kara M. Wick
 4
 5  Counsel for Defendant Evan Edwards:
 6                                 Erin B. Hyde
 7
 8  Counsel for Defendant Joshua Edwards:
 9                                 Charles E. Taylor, Jr.
10
11
12
13                  INDEX OF PROCEEDINGS
14
15  Initial Appearance - Evan Edwards ......... 3
16  Initial Appearance - Joshua Edward ........ 5
17
18
19
20
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S

 2                            * * * * *

 3            (Court called to order.)

 4            THE DEPUTY CLERK:  Case Number 22-cr-201,

 5   United States of America versus Evan Edwards and Joshua

 6   Edwards.

 7            Counsel, please make your appearance for the

 8   record.

 9            MS. WICK:  Good afternoon, Your Honor.  Kara Wick

10   on behalf of the United States.  With me is Roger Fuentes

11   from the United States Secret Service.

12            MS. HYDE:  Good afternoon.  Erin Hyde, Federal

13   Defender's Office, for Mr. Evan Edwards.

14            MR. TAYLOR:  Good afternoon, Your Honor.  Charles

15   Taylor on behalf of Mr. Joshua Edwards.

16            THE COURT:  All right.  I understand that the

17   senior Mr. Edwards is in medical distress.

18            MS. HYDE:  That's what we're hearing from the

19   holding cell, something to that effect.  I understand the

20   Government probably has better intel on that.

21            MS. WICK:  The information, as I understand it,

22   that's been conveyed to the agent is that Mr. Evan Edwards

23   had expressed that he's having some medical concerns and is

24   refusing to get in the wheelchair to come upstairs.

25            So the marshals have advised that the agents need
```

1  to take him to a medical facility or take custody of him to
2  do that, to get him medically evaluated.
3          THE COURT: All right.
4          Ms. Hyde, you've not been formally appointed.
5  Have you had a chance to speak with him?
6          MS. HYDE: I have tried to, Your Honor. It looked
7  like to me, going into the holding cell, reading the
8  13-page Indictment, Mr. Edwards appears to be nonverbal. I
9  don't know that he understood anything that I said. I
10 didn't get any responses from him. If he said a word or
11 two, they were not words in a complete sentence or that
12 were relevant to what I was talking about.
13         THE COURT: Well, again, to sum up, you've not
14 been able to communicate effectively with him?
15         MS. HYDE: That is correct, Your Honor.
16         THE COURT: All right. Well, it seems to me in
17 the past when I've had this situation I've entered some
18 sort of order authorizing the continued custody by the
19 agents of the defendant pending report on his medical
20 condition.
21         So as to his initial appearance, we'll continue
22 that and then see what is indicated at that point.
23         There are different things that can happen. One
24 is that depending on what that report is. So we'll deal
25 with that in due course.

```
 1              All right.  As to Joshua Edwards.
 2              Mr. Edwards, you've been named in an Indictment
 3   returned by the grand jury for this district.  In that
 4   Indictment, you're charged with a number of federal crimes.
 5              Given the variety of charges, I'd like to ask the
 6   United States attorney to summarize those charges and the
 7   maximum penalties associated with them.
 8              MS. WICK:  Yes, Your Honor.
 9              Joshua Edwards is charged in count one with
10   conspiracy to commit bank fraud, in violation of
11   18 U.S.C. 1344; in count two with bank fraud, in violation
12   of 18 U.S.C. 1349; in count three for making a false
13   statement to a lending institution, in violation of
14   18 U.S.C. 1014; and in count six for Visa fraud, in
15   violation of 18 U.S.C. 1546.
16              With regard to the maximum penalties, for counts
17   one and two, in each of those counts, the defendant faces
18   up to 30 years' imprisonment; a fine up to $1 million or
19   twice the gross gain or loss of the offense, whichever is
20   greater; the term of supervised release of not more than
21   5 years; and a special assessment of $100.
22              With regard to count three, the defendant faces a
23   term of imprisonment up to 30 years, a fine of up to
24   $250,000 or twice the gross gain or loss of the offense, a
25   term of supervised release not more than 5 years, and a
```

```
 1   $100 special assessment.
 2           With respect to count six, the defendant faces up
 3   to 10 years' imprisonment, not more than a $250,000 fine,
 4   not more than 3 years' supervised release, and a
 5   $100 special assessment.
 6           THE COURT:  Thank you.
 7           Mr. Edwards, as to these charges, you have the
 8   right to remain silent, not to make any statements or
 9   comments.  If you do make any statements or comments, the
10   Government can use those statements or comments against
11   you.
12           Do you understand that?
13           DEFENDANT JOSHUA EDWARDS:  (No audible response.)
14           MR. TAYLOR:  Yes, Your Honor, if I may.
15           I went downstairs to speak with Mr. Joshua Edwards
16   before the hearing in the case had started.  I had
17   difficulty explaining the charges to Mr. Edwards.  The only
18   thing I got from Mr. Edwards is that he had another
19   attorney.
20           I reached out to that private attorney.  That
21   attorney indicated that he did not represent Mr. Joshua
22   Edwards.
23           So the most I could get out of him was he wanted
24   to speak with his attorney, which he did not have, and his
25   mother and sister who are currently in the courtroom.
```

```
 1              Your Honor, this is the first time that I've had
 2   this happen.  I do believe that there is a competency issue
 3   in this case.  So I would be requesting a competency
 4   evaluation.  However, I would like one to be done here in
 5   the Orlando area so it would not take as long, Your Honor.
 6              THE COURT:  Mr. Edwards, can you hear me?
 7              DEFENDANT JOSHUA EDWARDS:  (No audible response.)
 8              THE COURT:  Mr. Edwards, stand up.
 9              (Pause.)
10              THE COURT:  Mr. Edwards, are you in pain?
11              DEFENDANT JOSHUA EDWARDS:  (No audible response.)
12              THE COURT:  Do you understand where we are?
13              DEFENDANT JOSHUA EDWARDS:  (No audible response.)
14              THE COURT:  Mr. Edwards, do you understand what
15   I'm saying?
16              DEFENDANT JOSHUA EDWARDS:  (No audible response.)
17              THE COURT:  Based on the defendant's unwillingness
18   or inability to respond to the Court's inquiries, I'm going
19   to make a provisional appointment of the Criminal Justice
20   Act of counsel to represent him, provisional because we
21   have not been able to get him to request counsel or even
22   get financial information from him.  But it will be an
23   appointment.
24              And based on his -- well, let me hear from the
25   Government.  My intention would be to send him to one of
```

```
 1  our local psychiatrists for a quick evaluation to see
 2  whether he's able to proceed at all.
 3          MS. WICK:  For clarification, Your Honor, would he
 4  remain in custody for that?
 5          THE COURT:  Well, I'm going to put him in custody
 6  since he's here and been seen and is refusing to -- or,
 7  again, may be unable to participate.  So I'm going to put
 8  him in the marshal's custody subject to that psychiatric
 9  review.  And then further proceedings depending on what
10  that report is.
11          MS. WICK:  May I have just one moment, Your Honor?
12          (Pause.)
13          MS. WICK:  I have no objection to that,
14  Your Honor.
15          I would note for the record, however, that the
16  agents interacted with Mr. Josh Edwards this morning, and
17  he was speaking and responding to them just fine.
18          THE COURT:  Well, I'm taking the presentation that
19  I've got here and the request from his attorney.  If those
20  circumstances change, we'll deal with that.
21          MS. WICK:  Your Honor, I've also gotten a report
22  from the agent regarding the other defendant, Evan Edwards.
23  I have some information to convey to the Court if the Court
24  would like me to do that at this time.
25          THE COURT:  All right.
```

```
 1            MS. WICK:  Mr. Evan Edwards is refusing to go with
 2   the agents or respond to any questions or move his physical
 3   body in compliance with them.
 4            While the marshals have indicated that my agents
 5   need to take custody of him to take him for a medical
 6   evaluation, they're unable to do that at this time.
 7            THE COURT:  Well, we can't leave him in a holding
 8   cell.  I think under the circumstances, given the expertise
 9   of the agents and the marshals, which are in different
10   dimensions, a lot of overlap but differences, I'm also
11   going to commit him, based on that report, to the -- I'll
12   make a provisional appointment of the public defender to
13   represent him, even in absentia, just so he has somebody on
14   his side, and direct the marshals to use their normal
15   procedures to take care of individuals in that condition to
16   get him to a hospital for medical evaluation.
17            And if part of that turns out to be that he needs
18   a psychiatric evaluation, we'll deal with that in due
19   course.
20            Ms. Hyde?
21            UNIDENTIFIED SPEAKER:  Sir --
22            MS. HYDE:  No -- no objection, Your Honor.
23            Based on my interaction with him this morning, I
24   think a competency evaluation is prudent.  I realize that
25   the magistrate judges have been doing that locally rather
```

```
 1   than the four to six months it takes to get somebody to
 2   Butner.
 3             If the Government doesn't object, I could see
 4   Dr. Danziger's availability --
 5             THE COURT:  Well, and there I'm hesitant to -- we
 6   may well do that and we may do it very quickly.
 7             But the Pretrial Services report indicates some
 8   medical problems as well, and we need to make sure that's
 9   stable.  If it's purely a medical problem, that's one
10   thing.  If it's a medical and mental/emotional, we can deal
11   with both.  But for him, I'm going to take it one step at a
12   time.
13             MS. HYDE:  There are grave medical concerns, I
14   understand from his family -- Mr. Taylor referenced those
15   in the courtroom -- as it pertains to Evan Edwards.
16             THE COURT:  So I want to get that dealt with
17   first, make sure he's physically safe.
18             MR. TAYLOR:  And, Your Honor, I would ask that
19   Dr. Danziger be appointed in this case.
20             THE COURT:  He's our most frequent go-to.  And
21   he's certainly been an asset to the administration of
22   justice in this division because he's quick.  And my
23   impression of him, he's been pretty evenhanded over the
24   years.  So we'll get him referred for that.
25             All right.  I don't think there's anything else we
```

```
 1  can do as to these defendants in this case at this time.
 2  So I will recess.
 3           (Proceedings adjourned at 2:57 p.m.)
 4                            *****
 5
 6                    C E R T I F I C A T E
 7
 8           I certify that the foregoing is a correct
 9  transcript from the record of proceedings in the
10  above-entitled matter.
11
12  December 15, 2022
13
14       s\   Amie R. First
         ─────────────────────
         Amie R. First, RDR, CRR, CRC, CPE
15       Federal Official Court Reporter
         United States District Court
16       Middle District of Florida
17
18
19
20
21
22
23
24
25
```