UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cr-201-WWB-LHP |
| ) | |
| JOSHUA EDWARDS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT JOSHUA EDWARDS'S UNOPPOSED
MOTION FOR EXTENSION OF DEADLINE FOR THE
PARTIES TO SUBMIT THEIR POST-HEARING COMPETENCY BRIEFS**

The undersigned counsel for the Defendant, Joshua Edwards ("Mr. Edwards"), hereby moves, pursuant to Rule 45 of the Federal Rules of Criminal Procedure, for a one-week extension of the deadline for the parties to submit their post-hearing competency briefs to the Court. Specifically, the undersigned is requesting an extension to September 5, 2024. In support thereof, the undersigned states as follows:

**STATEMENT OF FACTS**

*A.  Relevant Procedural History*

On July 10, 2024, the Court held a competency evidentiary hearing in this case pursuant to 18 U.S.C. §§ 4241(d) and 4247(d). Docs. 209, 215.

On July 11, 2024, the Court entered an Order setting post-hearing deadlines before a final competency determination would be made. Doc. 212. Specifically, the Court directed that the official transcript of the evidentiary hearing be filed on the docket within 30 days of the Order. *Id.* The Court also set a deadline for the parties to file their post-hearing briefs within 21 days from the date of the filing of the transcript. *Id.*

On August 8, 2024, the official transcript of the competency evidentiary hearing was filed on the docket. *See* Doc. 215. Therefore, the parties' deadline for the filing of their post-hearing briefs is currently August 29, 2024. *See* Doc. 212.

As set forth in greater detail below, the undersigned's schedule has been demanding during the 21-day period since the filing of the official transcript of the competency evidentiary hearing. As a result, the undersigned is unable to file his post-hearing brief by the current deadline. Accordingly, the undersigned respectfully requests a short extension of one-week so that he can prepare and file Mr. Edwards's post-hearing competency brief.

The undersigned counsel has conferred with Assistant United States Attorney Kara Wick, who informed the undersigned that the government does not object to this motion.

## **MEMORANDUM OF LAW**

Pursuant to Rule 45 of the Federal Rules of Criminal Procedure, this Court may extend a filing deadline for "good cause" where a party moves for such an extension "before the originally prescribed or previously extended time expires." *See* Fed. R. Crim. P. 45(b)(1)(A).

Since the filing of the official transcript of the competency hearing, the undersigned's schedule has been extraordinarily busy. The undersigned is a solo practitioner who is responsible for managing all aspects of his firm's operations. Therefore, the undersigned does not have an associate to cover hearings or client meetings for him. During the weeks of August 12, August 19, and August 26, the undersigned had to devote considerable time to numerous federal matters in which he is counsel of record, including the following cases: (1) *United States v. Carl Vecchione*, Case No. 6:23-cr-00180-CEM-LHP (M.D. Fla. Orl. Div.) (child pornography case that was resolved by change of plea on August 12, 2024); (2) *United States v. Rugh James Cline*, Case No. 8:21-cr-00081-CEH-UAM (M.D. Fla. Tpa. Div.) (case involved a former attorney charged with engaging in illicit sexual conduct in a foreign place, which was resolved by change of plea on August 19, 2024, and required the undersigned to travel to Tampa for the plea hearing); *United States v. Ronald Vargas*, Case No. 4:24-cr-00012-RH-MAF (N.D. Fla. Tall. Div.) (wire fraud and money laundering conspiracy, which was resolved by change of plea

on August 21, 2024, and required the undersigned to travel to Tallahassee for the plea hearing). Although each of the above-listed cases were resolved by plea, a substantial amount of time and effort on the undersigned's part was required in order to bring these matters to a resolution.

Additionally, the undersigned spent significant time preparing for sentencing in *United States v. Misty Lynn Parady*, Case No. 6:23-cr-00088-RBD-LHP (M.D. Fla. Orl. Div.), in which his client was charged with a drug conspiracy resulting in the fentanyl overdose death of another individual. The sentencing in this matter took place on August 26, 2024. However, in the weeks before the sentencing, the undersigned drafted two lengthy sentencing pleadings – a sentencing memorandum and a response pleading seeking a downward departure for his client. These pleadings took considerable time to prepare and finalize. Additionally, the undersigned devoted a substantial amount of time preparing for the actual sentencing hearing in the *Parady* case, which took place on Monday of this week.

Further still, the undersigned was recently retained in *State v. Andre Dionne Collins*, Case No. 2024-CF-000882D (Fla. 18th Cir. Ct.), a state human trafficking case pending in circuit court in Seminole County, Florida. Within the last week, the undersigned has had to spend additional time meeting with his new client in this case, who is currently detained at the Seminole County Jail. The undersigned

also drafted and filed a written bond motion in the *Collins* case in an effort to secure pretrial release for his client.

Lastly, on August 14, 2024, the undersigned had a medical procedure that required twilight anesthesia. This prevented the undersigned from performing some of his regular duties on the day of the procedure.

Based on the foregoing, the undersigned's schedule has precluded him from preparing the post-hearing brief, which is currently due on August 29, 2024. The undersigned is not seeking a lengthy extension, as the undersigned understands that the Court would like to make a ruling on Mr. Edwards's competency as soon as possible. The requested extension of one-week for the filing of post-hearing briefs will not unduly delay these proceedings. Instead such an extension would accommodate the undersigned's schedule and give him sufficient time to prepare a post-hearing brief, which the undersigned would like to file on Mr. Edwards's behalf before the Court makes a critical ruling on the defendant's competency. In sum, good cause for the requested extension exists.

## **CONCLUSION**

WHEREFORE, the undersigned counsel for Defendant Joshua Edwards respectfully requests that this Court grant the instant motion and enter an Order extending the deadline for the parties to file their post-hearing competency briefs to September 5, 2024.

Respectfully submitted on this 28th day of August, 2024.

                                                s/Andrew C. Searle
                                                **ANDREW C. SEARLE, ESQ.**
                                                Florida Bar No. 0116461
                                                **SEARLE LAW P.A.**
                                                200 East Robinson Street, Suite 1150
                                                Orlando, Florida 32801
                                                Telephone: 407-952-0642
                                                Email: andrew@searle-law.com
                                                Attorney for Defendant Joshua Edwards

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on August 28, 2024, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No.  0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards
