UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:22-cr-00201-WWB-LHP

JOSHUA EDWARDS

**MOTION FOR STATUS CONFERENCE REGARDING
COMPETENCY DETERMINATION AND NEW TRIAL DATE**

The United States of America by Sara C. Sweeney, Acting United States Attorney for the Middle District of Florida, requests that the Court to set a status hearing in this case to address the defendant's competency and schedule a new trial should the Court find the defendant competent to proceed. As support for this request the government states as follows:

1.   On or about December 7, 2022, a federal grand jury returned an Indictment charging the defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, Bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, false statements to a lending institution, in violation of 18 U.S.C. §§ 1014 and 2, and visa fraud in violation of 18 USC § 1546(a). Doc. 1. The defendant appeared in court for an initial appearance on December 14, 2022. Based on the defendant's behavior in court, the Court appointed Dr. Danzinger to assess the defendant's medical and mental health conditions, and competency proceedings commenced thereafter. *See* docs. 9, 19, 242 at 1-2.

2.   On February 2, 2023, Dr. Danzinger submitted his report to the Court. Doc. 242 at 3. Dr. Danzinger determined that the defendant was not suffering from any mental disease or defect that would render him incompetent and diagnosed him as "probable malingering." *See id.* The defendant's appointed attorney objected to the findings in Dr.

Danzinger's report and made an oral motion for a second competency evaluation to be conducted. Docs. 69, 71. With the agreement of both parties, the Court committed the defendant to the custody of the Attorney general to undergo a second competency evaluation. Docs. 69, 72, 242.

3. On April 17, 2023, Dr. Micono from the Bureau of Prisons (BOP) issued a report to the Court. Doc. 242 at 4. Dr. Micono found that the defendant showed signs of malingering and the possible presence of Autism Spectrum Disorder. *Id*. Dr. Micono tentatively found that the defendant was not competent to proceed and that his prognosis for restoration was unclear. *Id.* On April 28, 2023, the defendant was committed to the custody of the attorney general for restoration purposes. Doc. 97.

4. On January 29, 2024, the BOP issued a Certificate of Restoration to Competency to Stand Trial. Doc. 242 at 5. Counsel for the defendant contested the results of the BOP's assessment and attempted to have the defendant re-evaluated without success. *See* doc. 242 at 5-8. A competency hearing was held on July 10, 2024. Doc. 209.

5. On December 20, 2024, the Honorable United States Magistrate Judge Leslie Hoffman Price issued a report and recommendation detailing the proceedings and finding the defendant competent to proceed at doc. 242. In a footnote, the Honorable United States Magistrate Judge Leslie Hoffman Price recommended that, should this Court determine that the defendant's competency had not been restored, the Court should determine whether the defendant should be committed to the custody of the Attorney general for a dangerousness assessment. *See* doc. 242 at 59 n.26.

6. As of the date of this filing the Court has not yet entered an order on the report and recommendation at doc. 242. The United States requests that a status hearing be set to address the defendant's competency to proceed and set a schedule for this case, including a new jury trial date or a hearing to determine whether a dangerousness assessment is needed. Moreover, at such status conference, the Court can make any necessary ends of justice findings under 18 U.S.C. § 3161(h) to ensure there are no speedy trial issues between the competency determination and any forthcoming trial date.

7. The undersigned has conferred with defense counsel as to this motion. Defense counsel has indicated that he plans to file a motion to withdraw as attorney of record once the Court determines competency in this case. As such, Counsel for the defendant takes no position on the United States' motion to set a status hearing.

WHEREFORE, the United States moves this Court to set a status hearing in this case to address the defendant's competency to proceed and, if the Court determines the defendant is competent to proceed, to set a new trial date with any appropriate corresponding deadlines, and make any necessary ends of justice findings under 18 U.S.C. § 3161(h) to exclude the time period from the competency determination through the new trial date.

        Respectfully submitted,

        Sara C. Sweeney
        Acting United States Attorney

By:   */s/ Amanda S. Daniels*
        Amanda S. Daniels
        Assistant United States Attorney
        Florida Bar No. 111444
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        E-mail:  amanda.daniels@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 11, 2025, a true and correct copy of the foregoing was filed via the CM/ECF filling system, which will send service to all counsel of record:

Andrew Searle, Esq.

/s/ Amanda S. Daniels
Amanda S. Daniels
Assistant United States Attorney
Florida Bar No. 111444
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
E-mail:         amanda.daniels@usdoj.gov