UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSHUA EDWARDS, )<br>)<br>Defendant. )<br>_____ ) | Case No. 6:22-cr-201-WWB-LHP |

**UNDERSIGNED COUNSEL'S RENEWED MOTION TO<br>WITHDRAW AS DEFENDANT JOSHUA EDWARDS'S ATTORNEY**

The undersigned counsel for the Defendant, Joshua Edwards ("Mr. Edwards"), hereby renews his previously filed motion to withdraw due to irreconcilable differences that have become apparent to the undersigned in this representation. In support thereof, the undersigned states as follows:

**STATEMENT OF FACTS**

*A.  Relevant Procedural History*

On December 7, 2022, a federal grand jury returned an indictment charging Mr. Edwards with various fraud offenses, in violation of 18 U.S.C. § 1344, 18 U.S.C. § 1349, 18 U.S.C. § 1014, and 18 U.S.C. § 1546.  *See* Doc. 1.

On December 14, 2022, Mr. Edwards was arrested and had his initial appearance before the Court.  *See* Docs. 9, 14.  At the initial appearance, prior

defense counsel and the Court raised competency concerns with respect to Mr. Edwards. Doc. 14 at 7-8. Before Mr. Edwards's arraignment and a formal plea was entered on his behalf, the Court ordered that the defendant remain in the custody of the U.S. Marshals and appointed a local psychiatrist to conduct a competency evaluation of Mr. Edwards. Doc. 14 at 8, 11; *see also* Doc. 19.

After a series of competency evaluations, the Court found on April 28, 2023 that Mr. Edwards was not competent to proceed, pursuant to 18 U.S.C. §§ 4241(d) and 4247. *See* Docs. 69, 71, 72, 96, 97.

On or about January 25, 2024, the Bureau of Prisons ("BOP") submitted to the Court a forensic evaluation report, indicating that Mr. Edwards was fit to proceed in the case. *See* Doc. 121. The BOP also submitted a certificate of restoration of competency to stand trial for Mr. Edwards. *See* Doc. 123.

On February 8, 2024, at a status conference, the Court and the parties addressed the BOP's findings concerning Mr. Edwards's competency status. Docs. 124, 125. At this hearing, prior defense counsel informed the Court that Mr. Edwards was contesting the BOP's conclusion that he was now competent to proceed in his case. Doc. 125. Based on the dispute between the parties concerning Mr. Edwards's mental fitness to stand trial, the Court set a competency hearing for a future date. *Id.*

On February 14, 2024, prior defense counsel filed a motion to withdraw as Mr. Edwards's attorney. Docs. 126-128.

On February 21, 2024, the Court held a hearing on prior defense counsel's motion to withdraw. Doc. 130. At this hearing, the Court granted the motion to withdraw and appointed the undersigned to represent Mr. Edwards. Docs. 130, 131.

On April 2, 2024, the undersigned moved to withdraw as counsel, which the Court denied following a hearing on April 8, 2024. Docs. 146-47, 150-51.

On July 10, 2024, the Court conducted a contested competency hearing in this matter. *See* Docs. 209, 215.

On December 20, 2024, the Court issued a report and recommendation ("R&R"). Docs. 242, 244. The R&R detailed some of the difficulties that both the undersigned and prior defense counsel experienced in their attempts to communicate with Mr. Edwards. Doc. 242. Specifically, the Court found that Mr. Edwards is intentionally refusing to engage in any discussions related to his case with the undersigned. *Id.* at 55-56.

On March 31, 2025, the Court entered an Order formally adopting the R&R and adjudicating Mr. Edwards competent to stand trial. Doc. 251.

As previously noted in the undersigned's original motion to withdraw, irreconcilable differences arose between the undersigned and Mr. Edwards. Since

3

the Court's denial of the undersigned's original motion to withdraw, irreconcilable differences continue to exist between counsel and client, which the undersigned believes ethically compel him to seek withdrawal at this time pursuant to Rule 4-1.16 of the Rules Regulating the Florida Bar.

The undersigned counsel has conferred with Assistant United States Attorney Amanda Daniels, who informed the undersigned that the government takes no position on the instant motion.

## MEMORANDUM OF LAW

The Middle District of Florida Local Rules provide, in relevant part:

If a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from, the action.

(1) To withdraw, a lawyer:

> (A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal, and
>
> (B) must file a motion to withdraw that includes:
>
>> (i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal . .

*See* Rule 2.02(c), M.D. Fla. Local Rules (emphasis added).

The undersigned has made diligent efforts to comply with the notice requirement of Local Rule 2.02(c). Specifically, on January 14, 2025, the undersigned sent Private Investigator Candi Eaton ("Investigator Eaton") to the Orange County Jail so that she could hand-deliver a copy of the R&R as well as a

4

letter putting Mr. Edwards on notice of the undersigned's intent to file the instant motion to withdraw. Additionally, on January 16, 2025, the undersigned sent Mr. Edwards, via certified mail, a copy of the R&R and another letter putting him on notice of the undersigned's intent to file a motion to withdraw. Both attempts to provide notice to Mr. Edwards were ultimately unsuccessful. The undersigned would prefer to provide further details as to the reasons why these attempts were unsuccessful in an *ex parte* hearing, as these details provide further support for the undersigned's motion to withdraw.

The undersigned hereby renews his request to withdraw as Mr. Edwards's counsel. The Court has now found Mr. Edwards competent to proceed and the undersigned has a good-faith belief that he is unable to render effective assistance of counsel to Mr. Edwards based on the irreconcilable differences that exist between client and counsel.

Granting the undersigned's motion to withdraw at this time would not unnecessarily delay the proceedings, as the only proceeding conducted in this case to date has been the initial appearance that occurred on December 14, 2022. Mr. Edwards has not yet been formally arraigned, no pretrial motions have been filed, and no trial date has been set.

## CONCLUSION

WHEREFORE, the undersigned counsel, Andrew C. Searle, Esq., respectfully requests that this Court grant the undersigned leave to withdraw as counsel for defendant Joshua Edwards and hold a hearing so that the undersigned can provide further details to the Court in an *ex parte* fashion.

Respectfully submitted on this 31st day of March, 2025.

    s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on March 31, 2025, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards
