UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSHUA EDWARDS, )<br>)<br>Defendant. )<br>_____ ) | Case No. 6:22-cr-201-WWB-LHP |

**UNDERSIGNED COUNSEL'S UNOPPOSED MOTION
REQUESTING STANDING ORDER DIRECTING
THE U.S. MARSHALS TO FACILITATE ATTORNEY-CLIENT
VISITS WITH DEFENDANT JOSHUA EDWARDS AT THE COURTHOUSE**

The undersigned counsel for the Defendant, Joshua Edwards ("Mr. Edwards"), hereby moves this Honorable Court for a standing order directing the U.S. Marshals to transport the defendant, Joshua Edwards, to the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Suite 2-300, Orlando, Florida 32801-0230, for attorney-client meetings on dates and times that are mutually agreeable to both the undersigned and the U.S. Marshals inmate court transport schedule. In support thereof, the undersigned states as follows:

1. On December 7, 2022, a federal grand jury returned an indictment charging Mr. Edwards with various fraud offenses, in violation of 18 U.S.C. § 1344, 18 U.S.C. § 1349, 18 U.S.C. § 1014, and 18 U.S.C. § 1546. *See* Doc. 1.

2. Mr. Edwards's mental competency status was unresolved from the date of his arrest on December 14, 2022, through March 31, 2025, when the Court entered an Order adjudicating him competent to stand trial. Docs. 9, 14, 19, 124-125, 209, 215, 242, 251. During this timeframe, Mr. Edwards underwent several competency evaluations. Docs. 69, 71, 72, 96, 97, 121. Additionally, Mr. Edwards's first defense counsel was granted leave to withdraw based on Mr. Edwards's request for "another lawyer." Docs. 128, 130.

3. Since the undersigned's appointment on February 21, 2024, the undersigned has had difficulties conducting attorney-client meetings with Mr. Edwards at the Orange County Jail, where the defendant has been detained. On several different occasions, Mr. Edwards has refused to meet with the undersigned when the undersigned has gone to the Orange County Jail to see the defendant. In addition, on a number of occasions, Mr. Edwards has refused to participate in jail video visitation sessions that the undersigned has scheduled and attempted to have with the defendant. Based on these challenges, the undersigned has twice filed motions to withdraw as Mr. Edwards's counsel. Docs. 146-47, 150-151, 252, 258, 264.

4. Most recently, at a hearing on April 8, 2025, the Court granted the undersigned's request to withdraw as Mr. Edwards's counsel in this matter. Doc. 258. However, before the undersigned formally withdrew, Mr. Edwards's

communication with the undersigned greatly improved and the undersigned felt compelled to continue serving as Court-appointed counsel so that the defendant could finally have his bond hearing and move forward in the case. *Id.* As a result, the undersigned formally withdrew his previously filed motion to withdraw as Mr. Edwards's counsel. *Id.*

5. On April 11, 2025 and April 18, 2025, respectively, the undersigned represented Mr. Edwards at hearings before the Court. Docs. 266, 269. At the conclusion of the hearing on April 18, 2025, the Court ordered Mr. Edwards's pretrial detention at the Orange County Jail. Docs. 269, 270.

6. Since the last hearing before the Court, the undersigned has attempted to have attorney-client meetings with Mr. Edwards, however, Mr. Edwards has refused to attend these meetings. For example, on May 13, 2025, the undersigned attempted an attorney-client video visit but Mr. Edwards did not appear on screen at the scheduled date and time. Later, on May 16, 2025, the undersigned attempted to visit Mr. Edwards at the Orange County Jail, however, jail staff informed the undersigned that Mr. Edwards was refusing to meet.

7. As noted above, the undersigned has had extraordinary difficulty meeting with Mr. Edwards to discuss this case. The undersigned's inability to meet with Mr. Edwards is particularly problematic now that the defendant has been found competent to proceed to trial. The undersigned is awaiting a plea

agreement from the government and a trial date is currently set in the October 2025 trial term. *See* Docs. 273, 275. Thus, it is imperative that the undersigned have the ability to meet with Mr. Edwards to discuss the case and the defendant's options going forward. In the past, Mr. Edwards's ability and willingness to communicate with the undersigned has improved when he has been brought to the courthouse for court proceedings. The undersigned is hopeful that having the U.S. Marshals transport Mr. Edwards to the courthouse for attorney-client meetings will greatly improve the undersigned's ability to have effective communication with his client.

8. Given the procedural history noted above, the undersigned wishes to exhaust all possible options before seeking, for the third time, to withdraw from this matter. To that end, the undersigned respectfully requests that this Court enter a standing order in this case directing the U.S. Marshals to assist the undersigned by transporting Mr. Edwards to the Marshals' office at the courthouse for attorney-client meetings on dates and times that are mutually agreeable to both the undersigned and the Marshals. Specifically, the undersigned will coordinate having these attorney-client visits on dates when the Marshals are transporting prisoners from the Orange County Jail and can accommodate bringing Mr. Edwards to the courthouse to meet with the undersigned. The undersigned acknowledges that he is seeking atypical relief in the instant motion,

however, the undersigned believes this is his best option for continuing to serve as Mr. Edwards's Court-appointed counsel in this matter.

9. The undersigned has conferred with counsel for the government, Assistant United States Attorney Amanda Daniels ("AUSA Daniels"), who does not oppose this motion. Moreover, AUSA Daniels has informed the undersigned that the U.S. Marshals do not oppose the relief requested herein so long as the undersigned works within the established practices for bringing inmates to the courthouse for non-court visits, including: (a) that the visits are non-contact visits; (b) with the understanding that the Marshals will only bring Mr. Edwards to the courthouse when there is already a court run scheduled; and (c) that the visit occurs within the Marshal's normal business hours of 9:00 a.m. to 4:00 p.m. The undersigned hereby agrees to work within these established parameters for non-court inmate visitations at the courthouse.

WHEREFORE, the undersigned counsel, Andrew C. Searle, Esq., respectfully requests that this Court enter a standing order directing the U.S. Marshals to transport the defendant, Joshua Edwards, to the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Suite 2-300, Orlando, Florida 32801-0230, for attorney-client meetings on dates and times that are mutually agreeable to both the undersigned and the U.S. Marshals inmate court transport schedule.

Respectfully submitted on this 19th day of May, 2025.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on May 19, 2025, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No.  0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards
