UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 6:22-cr-201-WWB-LHP |
| JOSHUA EDWARDS, ) | |
| Defendant. ) | |

**UNDERSIGNED COUNSEL'S THIRD MOTION TO
WITHDRAW AS DEFENDANT JOSHUA EDWARDS'S ATTORNEY**

Regrettably, the undersigned counsel hereby moves for the third time to withdraw as counsel for the Defendant, Joshua Edwards ("Mr. Edwards"). While the undersigned has expended substantial time and energy representing Mr. Edwards, it has become readily apparent that the defendant no longer wishes for the undersigned to continue as Court-appointed counsel in this matter. The undersigned does not make this motion to withdraw lightly and believes he has exhausted all other options available to him. In further support of this motion, the undersigned states as follows:

## STATEMENT OF FACTS

On December 7, 2022, a federal grand jury returned an indictment charging Mr. Edwards with various fraud offenses, in violation of 18 U.S.C. § 1344, 18 U.S.C. § 1349, 18 U.S.C. § 1014, and 18 U.S.C. § 1546. *See* Doc. 1.

Mr. Edwards's mental competency status was unresolved from the date of his arrest on December 14, 2022, through March 31, 2025, when the Court entered an order adjudicating the defendant competent to stand trial. Docs. 9, 14, 19, 124-125, 209, 215, 242, 251. During this timeframe, Mr. Edwards underwent several competency evaluations. Docs. 69, 71, 72, 96, 97, 121. Additionally, Mr. Edwards's first defense counsel was granted leave to withdraw based on Mr. Edwards's request for "another lawyer." Docs. 128, 130.

Since the undersigned's appointment on February 21, 2024, the undersigned has had significant and consistent difficulties conducting attorney-client meetings with Mr. Edwards. On several different occasions, Mr. Edwards has refused to meet with the undersigned when the undersigned has gone to the Orange County Jail to see the defendant. In addition, on a number of occasions, Mr. Edwards has refused to participate in jail video visitation sessions that the undersigned has scheduled and attempted to have with the defendant. Based on these challenges, the undersigned has twice filed motions to withdraw as Mr. Edwards's counsel. Docs. 146-47, 150-151, 252, 258, 264.

Most recently, at a hearing on April 8, 2025, the Court granted the undersigned's request to withdraw as Mr. Edwards's counsel in this matter. Doc. 258. However, before the undersigned formally withdrew, Mr. Edwards's communication with the undersigned improved and the undersigned felt compelled to continue serving as Court-appointed counsel so that the defendant could finally have his bond hearing and move forward in the case. *Id.* As a result, the Court denied the undersigned's second motion to withdraw without prejudice. Docs. 258, 264.

On April 11, 2025 and April 18, 2025, respectively, the undersigned represented Mr. Edwards at hearings before the Court. Docs. 266, 269. At the conclusion of the hearing on April 18, 2025, the Court ordered Mr. Edwards's pretrial detention at the Orange County Jail. Docs. 269, 270.

Since the Court's entry of its pretrial detention order, Mr. Edwards has refused to meet with, or speak to, the undersigned. Specifically, on May 13, 2025, the undersigned attempted an attorney-client video visit but Mr. Edwards did not appear on screen at the scheduled date and time. Later, on May 16, 2025, the undersigned attempted to see Mr. Edwards in-person at the Orange County Jail, however, jail staff informed the undersigned that Mr. Edwards was refusing to meet.

On May 19, 2025, in desperate hopes of continuing his representation of Mr. Edwards, the undersigned filed a motion seeking a standing order directing the U.S. Marshals to transport Mr. Edwards to the courthouse for attorney-client meetings. Doc. 276. On May 22, 2025, the Court granted the undersigned's motion and directed the U.S. Marshals to bring Mr. Edwards to the courthouse for attorney-client meetings on dates/times that were convenient to the Marshals' prisoner transport schedule. Doc. 277.

On May 27, 2025, at the undersigned's request, the U.S. Marshals brought Mr. Edwards to the courthouse for an attorney-client meeting. When Mr. Edwards was brought into the room with the undersigned, he put his head down for the entire meeting and refused to speak to the undersigned. The undersigned waited for approximately 20 minutes before leaving Mr. Edwards, who did not say a word to the undersigned.

On June 13, 2025, the undersigned met with Mr. Edwards again at the courthouse. Dr. Kim Spence accompanied the undersigned to this meeting, with the Court's approval. *See* Docs. 278, 279. Once again, when Mr. Edwards was brought into the room with the undersigned and Dr. Spence, he placed his head down and refused to speak to either the undersigned or Dr. Spence. After approximately 30 minutes, the undersigned and Dr. Spence left Mr. Edwards.

As discussed above, the undersigned has diligently attempted to continue representing Mr. Edwards and believes he has exhausted all options available to him before seeking, for the third time, to withdraw from this case.

The undersigned counsel is aware from his prior motions to withdraw in this case that the government takes no position on the undersigned's request to withdraw from this matter.

## MEMORANDUM OF LAW

The Middle District of Florida Local Rules provide, in relevant part:

> If a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from, the action.
>
> (1) To withdraw, a lawyer:
>
> > (A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal, and
> >
> > (B) must file a motion to withdraw that includes:
> >
> > > (i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal . .

*See* Rule 2.02(c), M.D. Fla. Local Rules (emphasis added).

It is impossible for the undersigned to comply with the notice requirement of Local Rule 2.02(c) because Mr. Edwards refuses to speak to the undersigned, as noted above. Therefore, the undersigned respectfully requests that the Court set a hearing on this motion to address Mr. Edwards's refusal to speak with the

undersigned and to determine whether the undersigned's third motion to withdraw should be granted.

Because Mr. Edwards refuses to speak with the undersigned, the undersigned cannot meaningfully discuss with the defendant any plea offers that the government might extend in this case. Moreover, the undersigned does not believe he can effectively represent Mr. Edwards at trial where Mr. Edwards is unwilling to meet or speak with the undersigned.

## CONCLUSION

WHEREFORE, the undersigned counsel, Andrew C. Searle, Esq., respectfully requests that this Court hold a hearing on this motion, including addressing certain matters *ex parte* if necessary, and ultimately grant the undersigned leave to withdraw.

Respectfully submitted on this 24th day of June, 2025.

    s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on June 24, 2025, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No.  0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Defendant Joshua Edwards
