UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-cr-00201-WWB-LHP |
| JOSHUA EDWARDS, | ) |
| Defendant. | ) |

**DEFENDANT JOSHUA EDWARDS UNOPPOSED MOTION
FOR A HEARING AND OUT-PATIENT
<u>EXAMINATION TO DETERMINE MENTAL COMPETENCY</u>**

The Defendant, Joshua Edwards ("Mr. Edwards"), by and through the undersigned counsel, hereby respectfully moves, pursuant to 18 U.S.C. § 4241, for a hearing to determine Mr. Edward's mental competency, and for an Order appointing a local and duly qualified psychiatrist or psychologist to conduct an outpatient examination of Mr. Edwards to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. In support thereof, Mr. Edwards states as follows:

## STATEMENT OF FACTS

*Relevant Procedural History*

1. On July 17, 2025, the undersigned was appointed as co-counsel.

2. On July 24, 2025, undersigned and Mr. Searle met with Mr. Edwards at the Marshall's lockup to meet and go over his case.

3. Mr. Edwards was unable to speak about his case or anything relevant to the proceedings.

4. Mr. Edwards is unable to assist counsel in his defense, tell counsel what happened factually, or even have a conversation with counsel.

5. Based on the recent communication with Mr. Edwards, the undersigned has a bona fide belief that the defendant in this matter is "presently . . . . suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." See 18 U.S.C. § 4241(a). Accordingly, the undersigned is requesting a hearing to determine Mr. Edward's mental competency. The undersigned is also requesting that prior to the date of the hearing; the Court order a psychiatric or psychological examination of Mr. Edwards to assist the Court in determining whether Mr. Edwards is indeed competent to proceed in this case.

## MEMORANDUM OF LAW

*Legal Standards*

As the Court is well aware, a defendant is not fit to stand trial if he is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "The standard for competency to stand trial is whether **the Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding**—and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Hogan*, 986 F. 2d 1364, 1371 (11th Cir. 1993) (emphasis added); *see also Dusky v. United States*, 362 U.S. 402 (1960) (hereinafter "the *Dusky* standard").

When a motion to determine competency is made, "[t]he court shall grant the motion, or shall order such a hearing on its own motion, **if there is reasonable cause to believe that the defendant may**" be incompetent under the standard articulated above. 18 U.S.C. § 4241(a) (emphasis added). Moreover, a court must *sua sponte* conduct a competency hearing if "information known to the trial court at the time of the trial or plea hearing is sufficient to raise a bona fide doubt regarding the defendant's competence." *Tiller v. Esposito*, 911 F. 2d 575, 576 (11th Cir. 1990) (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

3

The input of defense counsel regarding the competency of the defendant is a significant part of the information essential in determining whether a legitimate doubt exists as to a defendant's present mental competency. Failing to raise the competency issue before the district court is persuasive evidence that competency is not in doubt. *United States v. Rodriguez*, 799 F. 2d 649, 655 (11th Cir. 1986). Conversely, when defense counsel timely raises the issue, it must be taken seriously:

> Because legal competency is primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect. Accordingly, the failure of defense counsel to raise the competency issue at trial, while not dispositive, is evidence that the defendant's competency was not really in doubt and there was no need for a Pate hearing. (For the same reason, a defense counsel's request for a Pate hearing must be taken seriously by the trial judge.).

*Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996).

In *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000), the Ninth Circuit held that the trial court erred in failing to inquire as to whether a defendant was competent to stand trial, where, *inter alia*, defense counsel proffered that the defendant would not be able to assist in his defense due to delusional beliefs the defendant was having. Here, based on the undersigned's recent communications with Mr. Edwards, the undersigned has a bona fide belief that Mr. Edwards will not be able to "consult with his lawyer with a reasonable degree of rational

understanding." *Dusky*, 362 U.S. at 402.  Moreover, the undersigned is presently unable to have a meaningful discussion with Mr. Edwards about the government's evidence and the theory of prosecution in this case.

For the foregoing reasons, this Court is requested to enter an Order under 18 U.S.C. § 4241(b) for a duly qualified psychiatrist or psychologist to conduct an examination to determine the competence of Mr. Edwards and file a report of the examination with the Court.  This Court is then requested to conduct a hearing to determine Mr. Edwards' competency.

## **CERTIFICATION OF CONFERRING WITH OPPOSING COUNSEL**

The undersigned counsel conferred with opposing counsel; the government does not take a position with respect to the motion.

## **CONCLUSION**

WHEREFORE, the Defendant, Joshua Edwards, requests that this Court enter an Order: (1) appointing a duly qualified psychiatrist or psychologist to conduct an examination of the defendant to determine whether the defendant is presently suffering from a mental disease or defect rendering the defendant mentally incompetent to the extent that the defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (2) scheduling a competency hearing in this matter upon the completion of the defendant's competency evaluation.

Respectfully submitted on this 4th day of August 2025.

s/Corey Cohen
**COREY COHEN, ESQ.**
Florida Bar No. 657840.
21 Park Lake Street
Orlando, Florida 32803
Telephone: 407-246-0066
Email: corey@coreycohen.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on August 4, 2025, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

s/Corey Cohen
**COREY COHEN, ESQ.**
Florida Bar No. 657840.
21 Park Lake Street
Orlando, Florida 32803
Telephone: 407-246-0066
Email: corey@coreycohen.com
Attorney for Defendant
