UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

  v.       CASE NO. 6:22-cr-00201-AGM-LHP

JOSHUA EDWARDS

## RENEWED JOINT MOTION TO CONTINUE TRIAL

  The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and counsel for the defendant, Attorneys Andrew Searle and Corey Cohen request that, pursuant to Fed. R. Crim. P. 12(b), this Court continue the trial in this case now set for January 26, 2026 to April 2026, and in support of the motion state as follows:

## INTRODUCTION

  The parties herein renew their Motion to Continue the trial set to begin January 26, 2026 that was previously filed at Doc. 322 (the "First Motion to Continue") and denied at Doc. 324 (the "Jan. 14, 2026 Order"). In the Jan. 14, 2026 Order, the Court indicated that it would entertain a re-filed motion if it were filed on or before January 16, 2026 and accompanied by a waiver of speedy trial through the end of April 2026. Doc. 324. As discussed herein, events have occurred since entry of the Jan. 14, 2026 Order that require the parties to request that the Court continue the trial to April 2026, despite the fact that the defendant has not signed a waiver of speedy trial. Specifically, as discussed in more detail below, on January 15 and 16,

2025, the defendant expressed his desire to plead guilty and continue the trial through April 2026. As stated on the record at the January 16, 2025 hearing on the Joint Motion for Plea Colloquy (Doc. 323) before the United States Magistrate Judge, defense counsel agrees that he is obliged to seek a continuance through April 2026 given the defendant's repeated expressed desire to have the case continued in order to resolve the case without a trial. *See* Doc. 334.

The issue, however, has become the written waiver of speedy trial, which the defendant has not signed, although he has verbalized his desire to continue the trial to April 2026.[1] The parties therefore request that the Court make an ends of justice finding under 18 U.S.C. § 3161 and continue the trial without a written waiver of speedy, which law from this district supports. *See Young v. Secretary, Department of Corrections*, 2018 WL 1183362 *2-3 (M.D. Fla. March 7, 2018) ("Counsel may waive speedy trial even against a defendant's wishes"; speedy trial may be waived by a defendant's attorney without the necessity of securing his prior informed consent).

## BACKGROUND

1.    On December 7, 2022, the defendant was charged by grand jury indictment with one count of conspiracy to commit bank fraud, one count of bank fraud, one count of making a false statement to a lending institution, and one count of visa fraud. Doc. 1.

---

[1] It should be noted that the defendant's physical signature may hold evidentiary value should the case go to trial.

2.      The indictment alleges, among other things, that the defendant submitted a materially false Paycheck Protection Program loan application on behalf of ASLAN International Ministry, Inc. to First Home Bank. The indictment further alleges that, as a result of such application, the defendant and his co-conspirator(s) fraudulently received funds over $8,000,000, which were later seized by the United States.

3.      From the time of the defendant's initial appearance in December 2022 through March 2025, competency proceedings for the defendant were ongoing, ultimately resulting in the defendant's restoration to competency. *See* Docs. 9, 14, 70, 72, 94, 97, 121, 123, 201, 209, 213, 242, 251.

4.      On October 1, 2025, the undersigned AUSA and defense counsel received an email from the "Edwards Family" which attached an audio recording stating: "This is Joshua Edwards. I don't want to go to trial. Please help me make agreement to go home. I will write my name." Over the next month, the Edwards Family sent several other emails expressing the defendant's desire to resolve the case without a trial.

5.      On October 14, 2025, in light of the defendant's expressed desire to plead guilty, the United States offered the defendant a plea agreement. However, the defendant never signed the plea agreement. Defense counsel expressed that the defendant was either unable or unwilling to discuss the details of the plea with counsel.

6.   On December 16, 2025, the parties filed a Joint Status Report (Doc. 318), requesting a date certain for the last week of January 2026 or a date in February 2026.

7.   On December 17, 2025, the parties filed a Joint Motion to Continue (Doc. 319), requesting that the Court move the trial to the February 2026 trial term if the Court was unavailable during the last week in January 2026.

8.   On January 12, 2026, the Court set the trial date certain in this case for January 26, 2026. Doc. 321.

9.   On January 13, 2026, the parties filed the First Motion to Continue, the allegations of which are incorporated herein. Doc. 322.

10.   On January 14, 2026, the parties filed a Joint Motion for Plea Colloquy requesting that the Court set a colloquy to inquire with the defendant how he wanted to proceed in the case. Doc. 323.

11.   On January 14, 2026, the Court entered the Jan. 14, 2026 Order denying the First Motion to Continue, but stating that the Court would entertain a re-filed motion if it were filed on or before January 16, 2026 and accompanied by a waiver of speedy trial through the end of April 2026. Doc. 324.

12.   On January 15, 2026, the undersigned AUSA and defense counsel began receiving emails from the Edwards Family stating that the defendant is requesting that the Court move the trial date to April 2026 because he desires to resolve the case through plea agreement and not a trial. Some of these emails include attached audio recordings of the defendant asking for the trial to be moved to April

4

2026. Relevant excerpts of these emails and recordings are set forth below:

    a. An email stating, "Joshua Edwards requests that you file the papers with the Court to move the trial date. He wants it moved to April 2026 because Joshua wants this resolved through plea agreement…Josh said he read and was read the papers you gave him and wants to make an agreement and sign his name in front of Judge…Joshua said he can and wants to resolve through plea agreement right away."

    b. An email stating, "Attached is Joshua Edwards recording asking you to file to move the trail date." Attached to that email was an audio recording of the defendant stating: "This is Joshua Edwards. I need more time. Please move the date."

    c. An email stating, "The reason Joshua wants to move the trial date is he instead 'wants to make an agreement and sign his name in front of the Judge. I want to move the trial date to April 2026.'" Attached to that email was an audio recording of the defendant stating: "This is Joshua Edwards, I want to make agreement…want to sign my name in front of the judge…and I want to move the trial date to April 2026."

       13.    On January 16, 2026, defense counsel met with the defendant in person at which time the defendant conveyed that he wanted to move the trial to April and that he wanted to sign the plea agreement, which the parties interpret as the defendant's desire to ultimately resolve the case without a trial. At this meeting, defense counsel read the plea agreement to the defendant in its entirety. Defense counsel also presented the defendant with a written waiver of speedy trial, which defense counsel also read to the defendant.

       14.    On January 16, 2026 the United States Magistrate Judge held a status conference and, later in the day, a hearing with the defendant present. Docs. 332, 334-35. At the hearing, defense counsel explained that, while his client has expressed

a desire to move the trial and resolve the case without a trial, the defendant would not sign any documents without first speaking to his family. Prior to the status hearing, defense counsel asked the U.S. Marshals if the defendant could call his sister. The U.S. Marshals were willing to permit the defendant to contact his sister, however, the defendant indicated that he preferred to contact his sister only after he was returned to the Orange County Jail, where the defendant is currently detained. Defense counsel also raised the possibility of the Court accepting the defendant's oral waiver of speedy trial, but the Magistrate Judge advised that all matters concerning speedy trial were to be brought before the District Judge. The Magistrate Judge also made an inquiry of the defendant, asking him if he wanted to plead guilty. The Defendant responded by stating that he wanted to speak with his family. The status hearing ended at this point.

15.    In light of these facts, including the defendant's repeated desire to move the trial to April 2026 as well as the complicated history of this case, the parties renew their motion for a continuance and request that the Court make an ends of justice finding without the defendant's waiver of speedy trial.

## MEMORANDUM OF LAW

The parties agree that the ends of justice in continuing the trial to the February 2026 trial term would outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Factors which the court must consider include whether the failure to grant the continuance would be likely to result in a miscarriage of justice, whether the case is so complex that it is unreasonable to

expect adequate preparation for trial within the time limits established by the speedy trial statute, and whether failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(B)(1), (ii), (iv).

Here, in addition to the other reasons set forth in the First Motion to Continue, the case should be continued to the April 2026 trial term so that the defendant may be afforded a final opportunity to resolve the case without proceeding to trial. As recently as the date of filing this motion, the defendant has expressed his desire to sign a plea agreement and continue the trial to the April 2026 trial term to allow him time to speak with his family before signing said agreement. Under the specific circumstances of this case, the defendant requires more time than would ordinarily be needed to resolve the case, and the parties request that the Court allow him such time.

In view of the above circumstances, the parties respectfully request this Court make an ends of justice finding under 18 U.S.C. § 3161, continue the case for trial to the April 2026 trial term, and set a date certain for that term.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Kara M. Wick*
Kara M. Wick
Assistant United States Attorney
Florida Bar No. 0085578
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: kara.wick@usdoj.gov

*/s/ Andrew C. Searle*
ANDREW C. SEARLE, ESQ.
Florida Bar No.   0116461
SEARLE LAW P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Joshua Edwards

*/s/ Corey Cohen*
COREY COHEN, ESQ.
Florida Bar No. 657840
21 Park Lake Street
Orlando, Florida 32803
Telephone: 407-246-0066
Email: corey@coreycohen.com
Attorney for Joshua Edwards

**U.S. v. JOSHUA EDWARDS**          **Case No. 6:22-cr-00201-WWB-LHP**

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Andrew Searle, Esq.
Corey Cohen, Esq.

By:    /s/ Kara M. Wick
       KARA M. WICK
       Assistant United States Attorney
       Bar No. 0085578
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:   (407) 648-7500
       Facsimile:    (407) 648-7643
       E-mail: kara.wick@usdoj.gov

9